**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

UNITED STATES OF AMERICA,
U.S. Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 8700
Washington, D.C. 20530,

and

STATE OF TENNESSEE
Office of the Attorney General and Reporter
Antitrust and Scaled Industries Division
P.O. Box 20207
Nashville, TN 38202

*Plaintiffs,*

v.

Case No.:

CRH PLC
Belgard Castle
Dublin, Ireland 22,

APAC-TENNESSEE, INC.
1210 Harbor Avenue
Memphis, TN 38113,

and

STANDARD CONSTRUCTION GROUP, INC.
7434 Raleigh LaGrange Road
Cordova, TN 38018,

*Defendants.*

## COMPLAINT

CRH plc ("CRH"), through its subsidiary APAC-Tennessee, Inc. ("APAC"), and Standard Construction Group, Inc. ("Standard") are two of the largest firms that compete in the manufacture and sale of hot-mix asphalt used for road construction in Shelby County, Tennessee.

APAC has proposed to acquire Standard, but that proposed acquisition may substantially lessen competition in the market for the manufacture and sale of hot-mix asphalt in Shelby County, Tennessee in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. The proposed acquisition should therefore be enjoined.

## I. NATURE OF THE ACTION

1. On October 7, 2024, APAC executed a letter of intent to acquire Standard for at least $133.9 million. APAC's acquisition of Standard's hot-mix asphalt business would secure APAC's control over the supply of hot-mix asphalt necessary to complete various road construction projects in parts of Shelby County, Tennessee. Hot-mix asphalt is one of the primary materials used to build, pave, and repair roads and is used widely in other types of construction. Hot-mix asphalt is an essential input into state and county roads.

2. Hot-mix asphalt is a mixture of aggregates, binder, and filler used for, among other things, constructing and maintaining roads. Hot-mix asphalt is manufactured in an asphalt plant. To supply road construction projects funded by states, either directly or through bids submitted to contractors acting on behalf of states, hot-mix asphalt suppliers must be tested and approved by state departments of transportation. The Tennessee Department of Transportation ("TDOT") uses hot-mix asphalt to pave roads.

3. APAC and Standard compete directly against one another to supply hot-mix asphalt to TDOT and other purchasers. The proposed acquisition would result in APAC owning five of the seven TDOT-approved hot-mix asphalt facilities that supply Shelby County, Tennessee. Today, APAC and Standard are two of the three suppliers of hot-mix asphalt for road projects in this area purchased directly by TDOT or purchased by contractors for use in TDOT projects. APAC and Standard are also two of the leading suppliers of hot-mix asphalt used in

private construction projects in Shelby County, Tennessee. The proposed acquisition would eliminate this head-to-head competition between APAC and Standard. As a result, prices for hot-mix asphalt would likely increase significantly if the acquisition is consummated.

4. Plaintiff State of Tennessee spends hundreds of millions of dollars on new construction and road maintenance projects each year. Without competing suppliers for the necessary inputs for road construction and other building projects, customers, and Plaintiff State of Tennessee, which receives funding from federal and state taxpayers, would pay the price for APAC's control over these important markets. Due to these market conditions, APAC's acquisition of Standard's hot-mix asphalt business would likely cause significant anticompetitive effects in the market for hot-mix asphalt in Shelby County, Tennessee. Therefore, the proposed acquisition violates Section 7 of the Clayton Act, 15 U.S.C. § 18, and should be enjoined.

## II. DEFENDANTS

5. Defendant CRH is an Irish corporation with headquarters in Dublin, Ireland. CRH produces and sells construction materials and mineral resources. In the United States, CRH, through its network of subsidiaries, is a leader in the supply of aggregate, asphalt, and ready-mix concrete, among numerous other products. CRH conducts business in 44 states and employs 18,500 people at approximately 1,200 operating locations across the country. In 2025, CRH had global sales of approximately $37.4 billion.

6. Defendant APAC, a Delaware corporation with its principal place of business in Atlanta, Georgia, is a wholly owned subsidiary of CRH. APAC is a regional aggregate, asphalt, and construction company serving Memphis, western Tennessee, and northern Mississippi. APAC is one of the largest suppliers of aggregate, asphalt, ready-mix concrete, and construction

and paving services in the south-central United States. APAC has a large network of facilities in this part of the United States that operate in different localities.

7. Defendant Standard is a Tennessee corporation headquartered in Cordova, Tennessee. Standard owns four hot-mix asphalt plants and six sand and gravel plants. In 2024, Standard had sales of approximately $81 million.

## III. BACKGROUND

8. Hot-mix asphalt is a composite material used to surface roads, parking lots, and airport tarmacs, among other uses. Hot-mix asphalt consists of aggregate combined with liquid asphalt and other materials. After it is mixed, the hot-mix asphalt is laid in several layers and compacted. Hot-mix asphalt has unique performance characteristics compared to other building materials, such as ready-mix concrete. For example, hot-mix asphalt is the desired material used to build roadways because it has optimal surface durability and friction, resulting in low tire wear, high breaking efficiency, and low roadway noise.

9. Other products generally cannot be used as economically to build and maintain roadways and therefore are not adequate substitutes. Ready-mix concrete in particular is significantly more expensive for paving roadways than hot-mix asphalt and takes significantly longer to set, delaying use of the road. Only in limited circumstances can ready-mix concrete be used to build new roads. In addition, ready-mix concrete cannot be used for repairing asphalt roads.

## IV. RELEVANT MARKET

10. TDOT purchases significant quantities of hot-mix asphalt for road construction and maintenance projects within the State of Tennessee. For each road project, TDOT provides precise specifications for hot-mix asphalt. TDOT specifications are designed to ensure that the

roads are built safely and withstand heavy usage over time. TDOT tests the hot-mix asphalt used in its projects to ensure that it meets TDOT specifications. Using hot-mix asphalt that does not meet TDOT specifications could compromise the safety of the road or cause the need for repairs sooner than would otherwise be required. Therefore, hot-mix asphalt that does not meet TDOT specifications cannot be used for TDOT projects.

11. A small but significant increase in the price of hot-mix asphalt that meets TDOT specifications (hereinafter "TDOT-approved hot-mix asphalt") would not cause customers to substitute other materials in sufficient quantities, or to utilize hot-mix asphalt that does not meet TDOT specifications, with sufficient frequency so as to make such a price increase unprofitable. Accordingly, the manufacture and sale of TDOT-approved hot-mix asphalt is a line of commerce and a relevant product market within the meaning of Section 7 of the Clayton Act.

12. The relevant geographic markets for TDOT-approved hot-mix asphalt are local due to the physical characteristics of the material and high costs of transportation. The geographic area an asphalt plant can profitably serve is primarily determined by the location of its plant in relation to the job site and the relative location of competing suppliers. Hot-mix asphalt suppliers typically deliver asphalt to a job site.

13. Distance from the plant to the job site is important for two reasons—temperature and transportation costs. First, hot-mix asphalt must be maintained at a certain temperature range before it is poured. If the temperature drops below that required by the asphalt specifications, it cannot be applied to the paving surface. The temperature of hot-mix asphalt drops as it travels from the plant and drops faster in colder weather than in warmer weather. As a result, the distance between a hot-mix asphalt plant and the project site determines whether a plant can service a particular geographic area. Second, hot-mix asphalt is heavy and, as a result, expensive

to transport. Therefore, the distance between the site where the asphalt is poured and the asphalt plant drives the transportation costs and has a considerable impact on the area a supplier can profitably serve.

14. Another factor that determines the area a supplier can profitably serve is the location of its plant in relation to the location of competing plants. Suppliers know the importance of transportation costs to a customer's selection of a supplier and also generally know which competing suppliers are within range to deliver to a job site. A hot-mix asphalt supplier often can charge a lower and more competitive price than its competitor if its plant is closer to the customer's location than its competitor's plant.

15. APAC is well positioned with respect to transportation costs because it owns multiple hot-mix asphalt plants in Shelby County, Tennessee from which it can serve various projects. Specifically, APAC owns and operates two of the seven hot-mix asphalt plants that supply projects using TDOT-approved hot-mix asphalt in Shelby County. Standard owns three such hot-mix asphalt plants. The defendants' only other competitor in the area also owns two.

16. A small but significant post-acquisition increase in the price of TDOT hot-mix asphalt to job sites in Shelby County, Tennessee would not cause customers to procure TDOT-approved hot-mix asphalt from suppliers outside Shelby County in sufficient quantities so as to make such a price increase unprofitable. Accordingly, Shelby County, Tennessee constitutes a relevant geographic market for TDOT-approved hot-mix asphalt within the meaning of Section 7 of the Clayton Act.

## V. ANTICOMPETITIVE EFFECTS

17. APAC's acquisition of Standard would substantially lessen competition in the market for TDOT-approved hot-mix asphalt in Shelby County, Tennessee. APAC, Standard, and

one other competitor have historically dominated this market. TDOT implements stringent material standards to ensure the safety and durability of highways. APAC's proposed acquisition of Standard would reduce the number of competitors operating hot-mix asphalt plants in Shelby County, Tennessee from three to two and reduce the number of competitors supplying hot-mix asphalt for all types of road construction projects built by TDOT in Shelby County, Tennessee from three to two.

18. Combined, APAC and Standard account for more than 45 percent of the market for TDOT-approved hot-mix asphalt in Shelby County, Tennessee. The market for TDOT-approved hot-mix asphalt is already highly concentrated and, as evidenced by the parties' combined market share, would be significantly more concentrated after the proposed acquisition.

19. Further, the elimination of Standard as an independent competitor in the manufacture and sale of TDOT-approved hot-mix asphalt is likely to facilitate anticompetitive coordination among the remaining producers in bidding to customers in the relevant geographic market. Suppliers in this industry have access to information about competitors' output, capacity, and costs. Given these market conditions, eliminating an important supplier of TDOT-approved hot-mix asphalt is likely to further increase the ability of the remaining competitors to successfully coordinate, reducing the benefits of competition to customers.

20. APAC's proposed acquisition of Standard is likely to substantially lessen head-to-head competition in the manufacture and sale of TDOT-approved hot-mix asphalt in Shelby County, Tennessee. In Shelby County, APAC and Standard are two of the leading suppliers of hot-mix asphalt and two of only a small number of firms that can supply TDOT-approved hot-mix asphalt.

21. APAC and Standard compete directly against one another in Shelby County, Tennessee to provide TDOT-approved hot-mix asphalt to customers. Price competition between APAC and Standard in the manufacture and sale of TDOT-approved hot-mix asphalt has benefited customers. APAC and Standard also vie to win customers' business by offering quality products, reliable delivery, and superior customer support.

22. APAC's proposed acquisition of Standard's hot-mix asphalt assets in Shelby County, Tennessee would eliminate the competition between them and its benefits to customers. The proposed acquisition would substantially increase the likelihood that APAC would unilaterally increase the price of TDOT-approved hot-mix asphalt.

## VI. ABSENCE OF COUNTERVAILING FACTORS

23. Entry or repositioning of new competitors into the manufacture and sale of TDOT-approved hot-mix asphalt is unlikely to be sufficient or timely enough to prevent the loss of competition that will result from APAC acquiring Standard.

24. Not only does entering into the market for the manufacture and sale of TDOT-approved hot-mix asphalt require significant time and investment to set up production facilities and test new products, brand reputation is also very important to competing successfully for the manufacture and sale of TDOT-approved hot-mix asphalt.

25. In addition, a new entrant into the TDOT-approved hot-mix asphalt market would have to purchase appropriate land close to an aggregate quarry, build a plant, procure the necessary land-use and environmental permits, and obtain TDOT approval of each hot-mix asphalt mix made. These actions and other prerequisites to competing in the relevant market involve significant costs and often lengthy time periods.

26. As a result of these high barriers to entry, entry into the manufacture and sale of TDOT-approved hot-mix asphalt would not be timely, likely, or sufficient to defeat the substantial lessening of competition that would likely result from APAC's acquisition of Standard.

## VII. JURISDICTION AND VENUE

27. The United States brings this action under Section 15 of the Clayton Act, 15 U.S.C. § 25, as amended, to prevent and restrain Defendants from violating Section 7 of the Clayton Act, 15 U.S.C. § 18.

28. Plaintiff State of Tennessee, by and through its Attorney General, brings this action in its sovereign capacity and as *parens patriae* on behalf of the citizens, general welfare, and economy of the State of Tennessee under its statutory, equitable, or common law powers, and pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, to prevent and restrain Defendants from violating Section 7 of the Clayton Act, 15 U.S.C. § 18.

29. Defendants manufacture and sell hot-mix asphalt in the flow of interstate commerce. Defendants' activity in the sale of hot-mix asphalt substantially affects interstate commerce. The Court has subject matter jurisdiction over this action pursuant to Section 15 of the Clayton Act, 15 U.S.C. § 25, and 28 U.S.C. §§ 1331, 1337(a), and 1345.

30. Defendants have consented to venue and personal jurisdiction in this judicial district. Venue is therefore proper in this district under Section 12 of the Clayton Act, 15 U.S.C. § 22 and 28 U.S.C. § 1391(b) and (c).

## VIII. VIOLATIONS ALLEGED

31. APAC's acquisition of Standard may substantially lessen competition in the manufacture and sale of hot-mix asphalt in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18.

32. Unless enjoined, the proposed acquisition likely would have the following anticompetitive effects relating to the manufacture and sale of TDOT-approved hot-mix asphalt, among others:

(a) actual and potential competition between APAC and Standard in the market for the manufacture and sale of TDOT-approved hot-mix asphalt in Shelby County, Tennessee would be eliminated;

(b) competition in the market for the manufacture and sale of TDOT-approved hot-mix asphalt in Shelby County, Tennessee would be substantially lessened; and

(c) prices for TDOT-approved hot-mix asphalt in Shelby County, Tennessee would likely increase, service quality would likely decrease, and product quality would likely be reduced.

## IX. REQUEST FOR RELIEF

33. The Plaintiffs request that this Court:

(a) adjudge and decree that APAC's acquisition of Standard would be unlawful and violate Section 7 of the Clayton Act, 15 U.S.C. § 18;

(b) preliminarily and permanently enjoin and restrain Defendants and all persons acting on their behalf from consummating the proposed acquisition of Standard by APAC, or from entering into or carrying out any other contract, agreement, plan, or understanding, the effect of which would be to combine APAC and Standard;

(c) award the Plaintiffs their costs for this action; and

(d) award the Plaintiffs such other and further relief as the Court deems just and proper.

Dated: August 7, 2026

Respectfully submitted,

**FOR PLAINTIFF UNITED STATES OF AMERICA:**

STANLEY E. WOODWARD, JR.
Associate Attorney General

G. CHARLES BELLER
Deputy Assistant Attorney General

ANDREW L. KLINE
Acting Deputy Director of Civil Enforcement

SOYOUNG CHOE
Acting Chief
Defense, Industrials, and Aerospace Section

DANIEL MONAHAN
ELIZABETH GUDIS
Assistant Chiefs
Defense, Industrials, and Aerospace Section

D. MICHAEL DUNAVANT
United States Attorney
Western District of Tennessee

*/s/Paul Torzilli*
Paul Torzilli
Stephen A. Harris
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 8700
Washington, DC 20530
Telephone: (202) 476-0547
Fax: (202) 307-9802
Email: Paul.Torzilli@usdoj.gov

*Attorneys for Plaintiff United States of America*

**FOR PLAINTIFF STATE OF TENNESSEE:**

JONATHAN SKRMETTI (TN B.P.R. No. 031551)
Attorney General and Reporter

J. DAVID MCDOWELL (TN B.P.R. No. 024588)
Deputy, Antitrust and Scaled Industries Division

/s/*Hamilton Millwee*

HAMILTON MILLWEE (TN B.P.R. No. 038795)
DANIEL LYNCH (TN B.P.R. No. 041933)
Assistant Attorneys General

Office of the Attorney General and Reporter P.O. Box 20207
Nashville, TN 38202
Telephone: 615-741-8722
Email: David.McDowell@ag.tn.gov
Hamilton.Millwee@ag.tn.gov
Daniel.Lynch@ag.tn.gov

*Attorneys for Plaintiff State of Tennessee*
*Pro Hac Vice Motions Forthcoming*